IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ABEL CARABELLO, | : | CIVIL ACTION<br>No. 06-336 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| JEFFREY A. BEARD, | : |  |
| Ph.D., ET AL., | : |  |
|  | : |  |
| Defendants. | : |  |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    MARCH 3, 2008


        Plaintiff Abel Carabello, an inmate at the State
Correctional Institution at Graterford ("SCI-Graterford"), files
this motion for a temporary restraining order, preliminary
injunction, sanctions and an emergency evidentiary hearing with
translator present.  He alleges that prison officials confiscated
legal documents in his possession and have refused to return
them.[1]  For the reasons set forth below, the motion will be
denied.

_____

        [1]     The Court held an emergency hearing by video
conference.  Present at the hearing were Carabello and counsel
for defendants.  Upon Carabello's statement that he is Spanish-
speaking and is not fluent in English, the Court appointed an
English interpreter.  In ruling on the motion, the Court will
consider the written submissions, Carabello's oral testimony
before the Court at the hearing (which was largely read), and the
exhibits and affidavits that have been submitted.

I. BACKGROUND[2]

On January 31, 2006, Carabello filed a complaint,
alleging violations of his civil rights.  His claims arise from
an August 2006 search of Carabello's cell at SCI-Graterford that
resulted in misconduct charges and a 180-day stint in restricted
housing.  The defendants named in Carabello's complaint are
Secretary Beard, Superintendent DiGuglielmo, Lieutenant Cavalari,
Lieutenant Bender, Sergeant Berlew, COI Dombrosky, COI Thomas and
Librarian Miller (collectively, "named defendants"), all of whom
are employees of the Pennsylvania Department of Corrections.

In his current motion, Carabello claims that on January
16, 2008, he appeared before Unit Manager Joseph B. Yodis for the
notarization of a document entitled "Affidavit in Support of
Civil Rights Complaint."  Yodis read the affidavit and shared it
with Counselor Kelly, who also read the document.  Yodis then
notarized the document.

Subsequently, a security team consisting of COI Clayton
and COI Battle searched Carabello's cell and confiscated the
affidavit.  Carabello alleges that several other legal documents
were confiscated in addition to the affidavit.  Carabello signed
a confiscation receipt at this time.  Ex. 2, Def.'s Resp. (doc.
no. 42-2).  The receipt provides, inter alia, two boxes for the

---

[2]    Unless otherwise indicated, all facts are taken from
Plaintiff's Motion for Temporary Restraining Order, Etc. (doc.
no. 41).

confiscating officer to fill in.  <u>Id.</u>  One is entitled "Comment,"
in which the officer wrote "ITEMS TAKEN TO SECURITY."  <u>Id.</u>  The
other is entitled "Item(s) Confiscated"; the confiscating officer
wrote "1 PETITION (LEGAL)."  <u>Id.</u>

        Approximately two hours after the search, the notarized
affidavit was returned to Carabello and the search officer
collected the confiscation receipt from him for prison records.
Carabello filed an Official Inmate Grievance on January 16, 2008,
the day of the search.  Ex. 1, Defs.' Resp. to Pl.'s Mot. (doc.
no. 42-2).


II.  MOTION FOR PRELIMINARY INJUNCTION

        Carabello claims that the search of his cell and
confiscation of his property were acts of retaliation against him
because of the lawsuit he has pending against prison officials.
He also argues that his legal documents were confiscated to
enable prison officials to glimpse his legal strategy.  He
requests that the Court order the return of his missing legal
documents, award him $25,000 as compensation for the legal work
that was confiscated, and award whatever other sanctions are
deemed appropriate against Yodis, Kelly, Clayton and Battle and
against the named defendants.

A.   <u>Legal Standard</u>

1.   <u>Preliminary injunction</u>

"The standard for evaluating a motion for preliminary injunction is a four-part inquiry." <u>United States v. Bell</u>, 414 F.3d 474, 478 n.4 (3d Cir. 2005).  A party seeking a preliminary injunction must show (1) that he has a reasonable probability of success on the merits; (2) that he will be irreparably injured by denial of the relief; (3) that granting preliminary relief will not result in even greater harm to the non-moving party; and (4) that the public interest favors such relief.  <u>Child Evangelism Fellowship of NJ Inc. v. Stafford Twp. Sch. Dist.</u>, 386 F.3d 514, 524 (3d Cir. 2004).[3]  The party seeking the preliminary injunction bears the burden of proving each of these four elements.  <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir.

---

[3]      The standard for preliminary injunction is sometimes expressed differently, as requiring the Court to consider the first two factors and then, only if those factors are met, to consider, to the extent relevant, the second two factors. <u>See, e.g.</u>, <u>Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly</u>, 309 F.3d 144, 157 (3d Cir. 2002); <u>Quaker Chemical Corp. v. Varga</u>, 509 F. Supp. 2d 469, 477 (E.D. Pa. 2007) (describing different formulations of standard).  Regardless, Carabello is unable to satisfy the standard.  To the extent that he must meet the first two factors before the second two are considered, he is unable to do so.  To the extent that the Court must weigh all four factors, Carabello's obvious inability to succeed on the merits and the lack of any risk of irreparable injury make it against the public interest to grant an injunction in favor of Carabello.  The third factor—potential harm to the defendants—is not relevant.  The injunction would simply instruct defendants not to destroy documents that it does not in fact appear that the defendants possess.

1987).  "No preliminary injunction shall be issued without notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).

        2.  <u>Temporary restraining order</u>

A temporary restraining order differs from a preliminary injunction in that, under certain circumstances, a temporary restraining order may be issued without notice to the adverse party or its attorney.  Fed. R. Civ. P. 65(b).  However, such an ex parte order may only be issued if 1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and 2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).  "When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements."  11A Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2951.

B.  <u>Application</u>

1.  <u>Yodis, Kelly, Clayton, and Battle</u>

Yodis, Kelly, Clayton, and Battle were not originally named in Carabello's complaint or served with a copy of the complaint.  Moreover, there is no sign that they have received notice of this motion.  Therefore, the Court may not grant a preliminary injunction against them.[4]

Furthermore, the Court may not grant a temporary restraining order against these four individuals because the Rule 65(b) requirements for an ex parte temporary restraining order have not been met.  As explained below, Carabello has failed to show that he will suffer "immediate and irreparable injury" if the motion is not granted.  <u>See</u> <u>infra</u> Part .  Moreover, it appears that he has not made any effort to give notice to the four; certainly he has offered no reason why notice should not be required.

2.  <u>The named defendants</u>

The named defendants were put on notice of Carabello's motion when it was filed with the Clerk of Court and then transmitted to their attorneys.  However, Carabello is not entitled to a preliminary injunction because he has not

---

[4]      Even if they had received notice, the Court would deny the motion against them for the same reasons it will deny the motion against the named defendants.  <u>See</u> <u>infra</u> part II.B.2.

established a likelihood of success on the merits or a risk of
irreparable injury if the motion is not granted.  For the same
reasons, Carabello is not entitled to a temporary restraining
order.[5]

> a.   Likelihood of success on the merits

Carabello has not shown a likelihood of success on the
merits of his claim because he has not shown that he has
exhausted his administrative remedies.  The Prison Litigation
Reform Act of 1995 ("PLRA") requires that prisoners seeking
relief in federal court must first exhaust the administrative
remedies available at the prison level.  42 U.S.C. § 1997e(a).
"Exhaustion is mandatory, and prisoners must exhaust all
'available' remedies, even where the relief sought cannot be
granted through the administrative process."  Williams v. Beard,
482 F.3d 637, 639 (3d Cir. 2007) (citing Woodford v. Ngo, ---
U.S. ----, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006)).

Carabello filed an administrative grievance on January
16, 2008.  Carabello has offered no evidence that there was an
administrative determination of his grievance, let alone a final

---

[5]     Because the named defendants are on notice of the
motion for a temporary restraining order, the analysis of the
merits of the motion is the same as the analysis for a
preliminary injunction.  Thus, the Court discusses only
Carabello's motion for a preliminary injunction; this reasoning
is equally applicable to the motion for a temporary restraining
order.

determination.

Moreover, the evidence offered by Carabello in support of his claim is sketchy, at best.  Carabello offers only his own statement that defendants confiscated legal documents in addition to the affidavit that was returned.  Although he describes the affidavit in some detail, he provides no description of the other documents that were supposedly taken.  He offers no evidence of a retaliatory motive on the part of the officers conducting or ordering the search.

Defendants claim that only one document, the affidavit, was confiscated.  In support of this version of events, they offer the declaration of Security Lieutenant Flaim.  Ex. 1, Defs.' Resp. (doc. no. 42-2).  Flaim ordered the search of Carabello's cell after receiving Yodis's report.  Flaim states that he ordered the search because he was concerned that Carabello was involved in a scam.  One problem encountered by security officers at prisons is that inmates sometimes use a cover sheet to obtain notarization of second or third pages and then discard the cover sheet, using the notarized sheet for a fraudulent purpose.  See, e.g., Monroe v. Beard, No. 05-04937, 2007 WL 2359833, at *2 & n.3 (describing a scheme perpetrated by inmates using bogus legal documents and referencing fifteen other similar cases).  Flaim was particularly concerned about this possibility because Yodis reported that two inmates had brought

identical sets of paperwork, both bearing the name of a third inmate, for notarization.

Flaim further states that the document confiscated from Carabello was not photocopied and has been returned to Carabello. Flaim is not aware of any other paperwork that was confiscated from Carabello or is in the possession of the security department.

Defendants also offer a copy of the confiscated items receipt provided to Carabello at the time of the search.  The receipt clearly states that one legal petition was taken; nothing else is listed as having been confiscated.

Because Carabello has not exhausted his administrative remedies and has offered only scanty evidence in support of his claim, he has not proven a likelihood that his claim will succeed on the merits.

2.   Irreparable injury

Carabello has failed to make a clear showing that he will suffer irreparable injury if his motion is denied. Carabello claims only that defendants refuse to return his legal documents.  Assuming arguendo that this is true, even if Carabello's motion is denied, this will only mean a delay in the recovery of the documents.  If his motion is denied, Carabello remains free to seek redress through the prison grievance system

-9-

and later from the courts.  Carabello has not shown how a delay in the adjudication of his claim will cause him irreparable injury.

Because Carabello has not established a likelihood that he will succeed in establishing the merits of his claim, Carabello's request for sanctions and money damages will also be denied.

III. CONCLUSION

For the reasons set forth above, the motion for a temporary restraining order and preliminary injunction will be denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                         |   |              |
|-------------------------|---|--------------|
|                         | : | CIVIL ACTION |
| ABEL CARABELLO,         | : | No. 06-336   |
|                         | : |              |
|     Plaintiff, | : |              |
|                         | : |              |
| v.                      | : |              |
|                         | : |              |
| JEFFREY A. BEARD,       | : |              |
| Ph.D., ET AL.,          | : |              |
|                         | : |              |
|     Defendants. | : |              |

O R D E R

**AND NOW**, this **3rd** day of **March 2008**, it is hereby

**ORDERED** that plaintiff's motion for a temporary restraining order

and preliminary injunction (doc. no. 41) is **DENIED**.[6]


**AND IT IS SO ORDERED.**




      S/Eduardo C. Robreno

**EDUARDO C. ROBRENO, J.**

---

[6]      Carabello's motion sought the return of legal documents
that he claims were confiscated by defendants.  To the extent
that any documents from this case may have gone missing,
defendants have, in any event, volunteered to furnish plaintiff
with a new copy of the documents filed to date in this case.